Case 7:23-cv-07427-PMH   Document 10   Filed 11/10/23   Page 1 of 5



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

November 10, 2023

**By ECF**
The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y.  10601

Re:  *Oliveira v. Cacace,* SDNY No. 23 Civ. 7427 (PMH)

Dear Judge Halpern:

This Office represents Westchester County Court Judge Susan Cacace in this action filed by Antero Oliveira ("Plaintiff"). We write pursuant to Your Honor's Individual Practices, §§ 2.C & 4.C, to request a conference concerning Judge Cacace's anticipated motion to dismiss the Complaint (ECF No. 1). Counsel have exchanged the required pre-motion letters, *id.* § 4.C(ii).

## Background

The Complaint challenges Judge Cacace's Decision & Order dated February 22, 2023, which denied Plaintiff's application for a handgun license (the "Decision"). *See* Compl. ¶¶ 63-72. The Decision was based in part on Plaintiff's failure to "meaningfully address" the facts concerning a physical altercation with his wife and the resulting "domestic violence-related charges" against him. Decision at 1-3. Pursuant to a negotiated plea agreement, Plaintiff pleaded guilty in Yonkers City Court to one count of harassment in the second degree, a violation. *Id*. at 2. His sentence included a one-year conditional discharge, a fine, and a two-year order of

28 LIBERTY STREET, NEW YORK, NY 10005 ● PHONE (212) 416-8610 ● WWW.AG.NY.GOV

protection on behalf of his wife and their minor daughter. *Id.* In the absence of mitigating evidence, Judge Cacace held that Plaintiff lacked "the necessary character, temperament, judgment and maturity that is required for the proper issuance" of a pistol permit. *Id.* at 5.

### The Complaint

Invoking 42 U.S.C. § 1983, Claims I-IV of the Complaint assert violations of the Second Amendment and Claim VI asserts an equal protection claim. Compl. at 18-19. Claim V alleges a violation of Article I, Section 1, of the New York State Constitution. *Id.* at 19. Plaintiff seeks declaratory and injunctive relief and an award of "nominal damages." *Id.* at 19-20.

### Grounds for Dismissal

Plaintiff asks this Court to reverse a judicial decision rendered by a state court judge on a matter within her unquestioned jurisdiction. The Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1), (6).

*First*, the doctrine of "[s]overeign immunity as guaranteed by the Eleventh Amendment to the Constitution bars suits for damages in federal court against … state officials acting in their official capacity[.]" *N.Y.S. Ct. Clerks Ass'n v. Unified Ct. Sys.*, 25 F. Supp. 3d 459, 465 (S.D.N.Y. 2014). Plaintiff concedes as much, and states that he seeks damages from Judge Cacace solely in her individual capacity. Thus, all claims for damages against Judge Cacace in her official capacity should be dismissed.

"The only exception" to the Eleventh Amendment's jurisdictional bar is the doctrine derived from *Ex parte Young*, 209 U.S. 123 (1908), which allows "claims for prospective relief against state officials in their official capacities." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023). But the *Young* "exception is narrow: it applies only to prospective relief [and] does not permit judgments against state officers declaring that they violated federal law in the past." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

Here, Plaintiff seeks retrospective relief, i.e., a declaration that the Decision violated his rights. Compl. at 20. *Ex parte Young* does not permit such a challenge. *See Clark v. DiNapoli*, 510 F. App'x 49, 50 (2d Cir. 2013); *Caruso v. Zugibe*, 646 F. App'x 101, 105 (2d Cir. 2016). By contrast, Plaintiff does not allege that he will have any future interactions with Judge Cacace.

Moreover, Plaintiff does not claim *Ex parte Young* can save his state constitutional claim. The *Young* exception is limited to alleged "continuing violation[s] of ***federal law***." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (emphasis added). It does not authorize federal courts to hear claims alleging violations of state law. *See Kelly v. N.Y. Civ. Serv. Comm'n*, 632 F. App'x 17, 18 (2d Cir. 2016) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984)).

**Second**, Plaintiff's official-capacity claims also fail because a state officer acting in her official capacity is not a "person" who can be sued under Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). District Courts in New York "have uniformly dismissed § 1983 claims asserted against … judges or clerks acting in their respective official capacities, on these grounds." *Schorr v. Dopico*, 205 F. Supp. 3d 359, 365 (S.D.N.Y. 2016) (citations omitted), *aff'd*, 686 F. App'x 34 (2d Cir. 2017). Moreover, the plain text of Section 1983 bars Plaintiff's claims for injunctive relief, which cannot be granted "against judges unless 'a declaratory decree was violated or declaratory relief was unavailable.'" *Russell v. City of N.Y.*, No. 04 Civ. 00099 (KTD), 2005 WL 821222, at *1 (S.D.N.Y. Apr. 7, 2005) (quoting 42 U.S.C. § 1983)). Neither precondition exists here. To the contrary, Article 78 of the New York Civil Practice Law and Rules provides a state-court remedy, and fully satisfies due process. *See, e.g., Capogrosso v. Gelbstein*, No. 18 Civ. 2710 (MKB) (LB), 2019 WL 4686448 (E.D.N.Y. Sept. 25, 2019).

**Third**, the *Rooker-Feldman* doctrine bars federal district court jurisdiction over suits that are, in substance, appeals from state-court judgments. *See Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 84 (2d Cir. 2005). As set forth below, the Decision was a judicial

determination rendered in state court. As such, it cannot be challenged in this proceeding.

This case satisfies all four requirements for the application of *Rooker-Feldman* doctrine. *See Hoblock*, 422 F.3d at 84-85. The Decision was adverse to Plaintiff. He complains that the Decision harmed him by preventing him from lawfully possessing and carrying a handgun. His claims "invite district court review and rejection of [the state court] judgment." *Id.* at 84. And the Decision was issued before Plaintiff filed this action. As such, *Rooker-Feldman* bars this action.

**Fourth**, judicial immunity bars Plaintiff's individual-capacity claims. "[S]tate judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). Judicial immunity is "an immunity from suit, not just from ultimate assessment of damages," *Mireles v. Waco,* 502 U.S. 9, 11 (1991) (per curiam), and also extends to quasi-judicial administrative proceedings. *Peoples v. Leon*, 63 F.4th 132, 138 (2d Cir. 2023).

The Second Circuit has held that a state judge's "rulings on firearm license applications [a]re judicial decisions … entitled to absolute immunity[.]" *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 125 (2d Cir. 2020), *overruled on other grounds by N.Y.S. Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See also Trello v. McKeighan*, 624 F. Supp. 3d 150, 155 (N.D.N.Y. 2022) (holding that defendant acted in judicial capacity when revoking plaintiff's pistol permit); *Johnson El ex rel. Johnson v. DeProspo*, No. 19 Civ. 8426 (CM), 2019 WL 6311882, at *3 (S.D.N.Y. Nov. 22, 2019); *Aron v. Becker*, 48 F. Supp. 3d 347, 365 (N.D.N.Y. 2014). These and other cases defeat Plaintiff's assertion that a judge's licensing determinations are administrative rather than judicial. The fact that a license applicant cannot directly appeal an adverse ruling is immaterial, as an Article 78 proceeding is the functional equivalent of an appeal. *See Paulk v. Kearns*, 596 F. Supp. 3d 491, 501 (W.D.N.Y. 2022) (quoting *Aron*, 48 F. Supp. 3d at 370) ("An aggrieved pistol permit applicant has well-established appellate recourse under Article 78."). Accordingly, Plaintiff's individual-capacity claims must be dismissed.

  ***Fifth***, qualified immunity "protects government officials from suit if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiff bases his claims on his interpretation of *Bruen*, but determining "the precise parameters of a state's ability to regulate handgun ownership remains the subject of developing law." *Giambalvo v. Suffolk Cnty.*, 2023 WL 2050803, at *4 (E.D.N.Y. Feb. 14, 2023). *See also United States v. Rahimi*, S. Ct. No. 22-915. There is no "clearly established" law that compels a state judge to grant a pistol permit to an applicant who failed to explain his arrest on domestic violence-related charges and his conviction on a lesser included offense. As such, Judge Cacace is entitled to qualified immunity.

  ***Sixth***, to the extent that Plaintiff attempts to plead a facial challenge to New York's gun licensing laws, the effort fails as a matter of law. "A facial challenge to a legislative Act is … the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Plaintiff cannot (and makes no attempt to) satisfy this standard. Moreover, Plaintiff lacks "the irreducible constitutional minimum of [Article III] standing" to assert a facial challenge. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). The only "injury in fact" alleged in the Complaint stems from the Decision, and thus is retrospective. Conversely, any hypothetical future injury (which Plaintiff does not allege) is not traceable to Judge Cacace. As such, Plaintiff lacks standing to challenge the licensing regime on its face.

  Judge Cacace intends to move to dismiss the Complaint on the foregoing grounds.

<div style="text-align:right">
Respectfully,

*Michael A. Berg*

Michael A. Berg<br>
Assistant Attorney General
</div>