

November 17, 2023

**VIA ECF**
Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:  *Oliviera v. Cacace,* 23 Civ. 7427 (PMH)

Dear Judge Halpern,

    I represent the plaintiff, Antero Oliveira ("Plaintiff"), in the above-referenced matter. Kindly accept the following in response to the defendant's ("Defendant") premotion letter.

    ***First,*** Plaintiff has no disqualifiers to firearm possession; he owns rifles and shotguns, which he purchased through a federal firearms licensee (FFL/gun store) after passing a federal NICS background check. [Complaint at ¶¶ 59-60]. The denial of his handgun license was improperly based on subjective, arbitrary, discretionary factors; 'public safety' claims do not justify denying firearm rights. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2125-26 (rejecting Second Circuit's means-end, interest balancing test)

    ***Second,*** this case does not attempt to "reverse a judicial decision rendered by a state court judge." Plaintiff seeks relief against a *statutory licensing officer*. Every act Defendant took was in the role defined by Penal Law §§ 265.00(10) and 400.00. Residents of New York City, Nassau and Suffolk counties seek redress for declaratory, injunctive, and/or nominal damages against licensing officers [see, e.g., *Srour v. New York City, New York*, No. 22 CIV. 3 (JPC), 2023 WL 7005172 (S.D.N.Y. Oct. 24, 2023); *LaMarco v. Suffolk County*, 22 CIV. 4629 (GRB) (E.D.N.Y.); *Henry v. Cnty. of Nassau*, 6 F.4th 324 (2d Cir. 2021)], and Plaintiff should be treated no differently.

***Third,*** without the ability to seek nominal damages, Plaintiff's challenge can easily be rendered moot by Defendant's *sua sponte* issuance of a pistol license. C.f., *Abekassis v. New York City, New York*, No. 20-3038, 2021 WL 852081, at *1 (2d Cir. Mar. 4, 2021), cert. denied sub nom. *Abekassis v. City of New York, New York*, 142 S. Ct. 344 (2021) (appeal dismissed as moot by City's spontaneous issuance of previously denied firearm license); *Taveras v. New York City, New York*, No. 20 CIV. 1200 (KPF), 2023 WL 3026871, at *7 (S.D.N.Y. Apr. 20, 2023)  (declaratory judgment and injunctive  relief claims rendered moot by City's spontaneous issuance of previously denied firearm license); see also, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2160 (2022) citing *New York State Rifle & Pistol Assn., Inc. v. New York*, 883 F.3d 45, 62–64 (2018) ("But after we agreed to review that decision, the city repealed the law and admitted that it did not actually have any beneficial effect on public safety. See N. Y. Penal Law Ann. § 400.00(6) (West Cum. Supp. 2022)").

***Fourth,*** *Heller*, *McDonald*, and *Bruen* reiterate: governmental officials cannot exercise discretion or rely on subjective 'public safety' justifications to deny Second Amendment rights. *D.C. v. Heller*, 554 U.S. 570, 634 (2008) ("The very enumeration of the right takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is really worth insisting upon"); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 783 (2010) ("The right to keep and bear arms, however, is not the only constitutional right that has controversial public safety implications) (citing cases), at 780 (the Second Amendment is not "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees"); *Bruen*, 142 S. Ct. 2111, 2138 n. 9 (2022) (rejecting licensing regimes "requiring the appraisal of facts, the exercise of judgment, and the formation of an opinion - features that typify proper-cause standards like New York's.") (internal citation omitted), and at 2161 (Kavanaugh, J. concurring, joined by The Chief Justice) ("Applying that test, the Court correctly holds that New York's outlier "may-issue" licensing regime for carrying handguns for self-defense violates the Second Amendment");

*Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 151 (1969) ("It is settled by a long line of recent decisions of this Court that an ordinance which, like this one, makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official—as by requiring a permit or license which may be granted or withheld in the discretion of such official—is an unconstitutional censorship or prior restraint upon the enjoyment of those freedoms."). The "state's ability to regulate handgun ownership" cannot override Supreme Court doctrine.

**Eleventh Amendment**

Defendant is sued in her official capacity and individually. Claims for nominal damages are appropriate against Defendant individually; claims for declaratory, injunctive, and equitable relief are appropriate against her in her official capacity. *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 123 (2d Cir. 2020), abrogated on other grounds by *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, (2022) ("the Eleventh Amendment does not bar a federal court, in adjudicating federal claims against state officials in any capacity, from granting prospective injunctive relief"); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 105 (1984).

*Ex parte Young* permits a federal court to enjoin state officials to conform their future conduct to the requirements of federal law. *Quern v. Jordan*, 440 U.S. 332, 337 (1979) (citing *Ex parte Young*, 209 U.S. 123 (1908)). "It rests on the premise - less delicately called a 'fiction,' - that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign immunity purposes." *Va. Office for Prot. and Advocacy v. Stewart*, 563 U.S. 247 (2011); see also, *Miller v. Davis*, 123 F. Supp. 3d 924, 933–34 (E.D. Ky. 2015) (enjoining court clerk, who refused to issue any same-sex marriage licenses, from violating the plaintiffs' federal constitutional rights); Josh Blackman & Howard M. Wasserman, The Process of Marriage Equality, 43 Hastings Const. L.Q. 243, 245 (2016) (discussing, *inter alia*, federal district courts' authority to enjoin the states' same-sex marriage bans). Plaintiff's reapplication is futile. Defendant has not renounced her intention to

apply discretion and subjective opinions to future license applications, including Plaintiff's.

***Rooker-Feldman* Is Inapplicable**

*Rooker–Feldman* prevents lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced" preventing district courts from exercising appellate jurisdiction over state-court judgments – authority that Congress reserved to the U.S. Supreme Court. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644, n. 3 (2002). But *Rooker–Feldman* does not bar federal judicial review of state executive action, including determinations made by a state administrative agency nor is *Rooker-Feldman* implicated when no judgment of a state court is at issue. *Birmingham v. Ogden*, 70 F. Supp. 2d 353, 362 (S.D.N.Y. 1999). The decisions made by the defendant were made in her capacity as a statutory licensing officer. ***No state court judgment was rendered***.

**First**, New York State firearm licensing officers are creatures of statute. Penal Law § 400.00 defines the duties of licensing officers and the scope of their authority, both of which are exactly the same for all licensing officers throughout the State. **Second**, not all judges in New York State have licensing authority – only "a judge or justice of a court of record…" **Third**, the scope of licensing authority is limited to § 400.00, not New York State Judiciary Law. As a licensing officer, Defendant is limited to the same functions as the police commissioners in NYPD, Nassau, and Suffolk. **Fourth,** the licensing process is not a "state court action," but an administrative process – there are no "parties," there is no decision, judgment, or opinion issued. Defendant must either grant the license or deny the application for reasons specifically and concisely stated in writing. § 400.00 4-b. A state court 'judgment' is challenged by filing a Notice of Appeal within 30 days of the Notice of Entry and perfecting the appeal in the Appellate Division. But determinations of licensing officers are challenged through a state-created 'special proceeding' to challenge decisions of a "body or officer" under CPLR 7801, et seq. ("Article 78") and must be commenced *within 4 months* of the date of the decision. Article

78 cannot be used to challenge judicial opinions, rulings, and judgments. See, CPLR 7801. Decisions "made in a civil action" must be appealed; determinations made by licensing officers must proceed through Article 78. Thus, licensing decisions are administrative – and decidedly ***not judicial*** in nature.

### *Immunity – Absolute and/or Qualified*

Nonjudicial acts are not protected by the immunity doctrine. See, e.g., *Forrester v. White*, 484 U.S. 219, 228 (1988) quoting, *Ex parte Virginia*, 100 U.S. (10 Otto) 339, 348. Judges do not enjoy absolute immunity from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Administrative decisions, even though they may be essential to the very functioning of the courts, have not been regarded as judicial acts. *Forrester*, at 228 (no immunity for employment decision); *Bliven*, at 214 (ruling on 18-B vouchers was a case-related judicial act). The factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, including whether it is a function normally performed by a judge such as issuing a search warrant, granting a petition for sterilization. *Bliven*, at 210 (citing cases).

*As a matter of law*, firearms licensing is a nonjudicial function. See, § 265.00(10). Defendant is not entitled to absolute immunity. Possessing firearms is a "guaranteed individual right." *Heller*, at 592. The subjective and discretionary "proper cause" requirement was applied until *Bruen*; licensing officers continue to wrongfully impose other discretionary subjective requirements, as Defendant did here. There is no set of circumstances under which the state's discretionary regulations would be valid. The Supreme Court specifically called out New York's may-issue licensing regime. *Bruen*, at 2138 n. 9. But New York failed to transition to an "*objective licensing requirements like those used by the 43 shall-issue States.*" *Bruen,* 2162 (concurrence by Kavanaugh, J joined by The Chief Justice). Without the requested declaratory and injunctive relief, Plaintiff's ability to exercise presumptively protected rights will continue to be barred. Defendant's grounds to dismiss lack merit and her request should be denied. If the motion proceeds, Plaintiff intends to cross-move for summary judgment; the issues are purely legal.

Respectfully,

*Amy L. Bellantoni*
Amy L. Bellantoni