

January 26, 2024

**VIA ECF**

Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

     Re:  *Oliviera v. Cacace,* 23 Civ. 7427 (PMH)

Dear Judge Halpern,

     I represent the plaintiff, Antero Oliveira ("Plaintiff"), in the above-referenced matter. I write on behalf of all counsel and in accordance with the Court's directive at the conclusion of the teleconference held with the parties on January 18, 2024 during which the Court directed (i) Plaintiff to file an Amended Complaint by January 26, 2024, and (ii) the parties to meet and confer regarding the resolution of open issues and, by the same date, either file a stipulation resolving any issues agreed to by the parties or, if the parties are unable to resolve any open issues, a letter indicating as such.[1]

     Consistent with the Court's order, the parties met and conferred more than once on January 25, 2024. Prior to our discussions, I provided Mr. Berg with a redlined version of the working draft of the anticipated First Amended Complaint ("FAC") for his review. During our calls, we discussed the amendments to the complaint, which include substituting Hon. Larry Schwartz ("Schwartz") in place of the Hon. Susan Cacace for Plaintiff's official capacity claims[2], the exclusion of Judge Cacace from the FAC (thus eliminating the individual capacity claims and nominal damages relief), and the exclusion of the state law claim.  The FAC also makes clearer that Plaintiff's statutory challenges are both facial and as-applied.

     The parties believe the FAC narrows the scope of Plaintiff's claims and eliminates the need to brief several issues discussed in their pre-motion letters dated November 10 and 17, 2023. (ECF Nos. 10-11.) As such, the parties have achieved the goal of streamlining the issues to be addressed on the motion to dismiss without the necessity of entering into a separate stipulation.

---

[1] A motion schedule for Defendant's motion to dismiss was also set by the Court.
[2] The substitution is based on my conversations with the Westchester County Court calendar office, which informed that all of Judge Cacace's pistol license matters were reassigned to Schwartz. As such, Schwartz is the proper party to be named for Plaintiff's equitable relief claims.

      Mr. Berg has advised me that after the FAC is filed, the Office of the Attorney General must evaluate an anticipated request for representation from Justice Schwartz, but that process should not affect the briefing schedule set by the Court.

Sincerely,

Amy L. Bellantoni