

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

June 26, 2024

**By ECF**
The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

Re: *Oliveira v. Schwartz,* SDNY No. 23 Civ. 7427 (PMH)

Dear Judge Halpern:

This Office represents New York State Supreme Court Justice Larry J. Schwartz ("Justice Schwartz"), who is sued in his official capacity in this action filed by Antero Oliveira ("Plaintiff"). We write pursuant to Your Honor's directive to advise the Court "if the Supreme Court issues any rulings that impact[ ] the case." *See* Minute Entry, Jan. 18, 2024.

Plaintiff alleges that the denial of his handgun license application by the Honorable Susan Cacace, then serving as a Westchester County Court judge, violated his rights under the Second Amendment, as construed by the U.S. Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). *See generally* 1st Am. Compl., Jan. 24, 2024. (ECF No. 15). Justice Schwartz moved to dismiss the action based on Eleventh Amendment immunity, absolute judicial immunity, the *Rooker-Feldman* doctrine, and as seeking injunctive relief against a state court judge in contravention of 42 U.S.C. § 1983. His motion to dismiss was fully briefed and filed as of April 19, 2024. (ECF Nos. 17-22.)

On June 21, 2024, the Supreme Court decided *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (U.S. June 21, 2024). *Rahimi* upheld the constitutionality of a federal criminal statute, 18 U.S.C. § 922(g)(8), that "prohibits individuals subject to a domestic violence restraining order from possessing a firearm." *Id.* at *1. In reversing the Fifth Circuit's decision applying *Bruen* to invalidate that statute, the Supreme Court clarified the "methodology of [its] recent Second Amendment cases." *Id.* at *6. *But see id.* at 43, 45 (Thomas, J., dissenting) (describing *Rahimi* as an "attack" on *Bruen* and as inconsistent with its holding).

Based on the discussion at the January 18, 2024 pre-motion conference, we understood the directive to advise the Court of any relevant Supreme Court decisions to encompass any merits decision in *Rahimi*. For that reason, we flag that decision for Your Honor's consideration. We note, however, that Justice Schwartz's motion to dismiss is based on subject matter jurisdiction and several constitutional and statutory immunities, and does not implicate the Second Amendment standard outlined in *Bruen* and clarified in *Rahimi*. Accordingly, we do not believe *Rahimi* will materially affect the Court's consideration of the pending motion to dismiss.

We appreciate the Court's continued attention to this matter.

Respectfully,

*Michael A. Berg*

Michael A. Berg
Assistant Attorney General

cc: Amy L. Bellantoni, Esq.