UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTERO OLIVEIRA,

                    Plaintiff,

       -v-

LARRY SCHWARTZ, in his official capacity as a
statutory pistol licensing officer for Westchester
County,

                 Defendant.

**OPINION & ORDER**

23-CV-07427 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

     Antero Oliveira ("Plaintiff") commenced this action on August 22, 2023 against the Hon. Susan Cacace ("Judge Cacace") individually and in her official capacity as a statutory licensing officer for Westchester County, New York. (Doc. 1). On January 26, 2024, Plaintiff filed an Amended Complaint substituting the Hon. Larry Schwartz ("Justice Schwartz" or "Defendant"), in his official capacity as a statutory licensing officer for Westchester County, in place of Judge Cacace.[1] (Doc. 15, "Am. Compl." ¶ 75, n. 22; Doc. 16). Plaintiff presses three claims for relief under 42 U.S.C. § 1983 alleging that New York State's firearm licensing scheme, New York Penal Law § 400.00, *et seq.*, and the disclosure requirements for firearms license applicants, New York

---

[1] The Amended Complaint alleges that Judge Cacace is no longer employed as a licensing officer. (Am. Compl. ¶ 75, n.22). Counsel for Plaintiff stated in a letter to the Court dated January 26, 2024 that based on her "conversations with the Westchester County Court calendar office, . . . all of Judge Cacace's pistol license matters were reassigned to [Justice] Schwartz." (Doc. 16 at 1, n.2). Plaintiff therefore substituted Justice Schwartz for Judge Cacace pursuant to Federal Rule of Civil Procedure 25(d), which "provides that when a public officer ceases to hold office, his successor is automatically substituted as a party, regardless of whether the court enters an order of substitution." Fed. R. Civ. P. 25(d). (Pl. Br. at 35). Defendant contends that Justice Schwartz was not Judge Cacace's "successor" within the meaning of Rule 25(d), and, therefore, Plaintiff was required to serve process on Justice Schwartz. (Def. Br. at 18; Reply at 7, n. 2). The Court need not resolve this issue because even assuming that Justice Schwartz was a "successor" to Judge Cacace within the meaning of Rule 25(d), as discussed *infra*, the Court lacks subject matter jurisdiction to adjudicate this action.

Executive Law § 296(16), violate the Second and Fourteenth Amendments of the United States Constitution facially and as applied to Plaintiff. (Am. Compl. ¶¶ 101-106).

Defendant served, pursuant to the briefing schedule set by the Court, his motion to dismiss the Amended Complaint on March 5, 2024 under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). (Doc. 17; Doc. 18, "Berg Decl."; Doc. 19, "Def. Br."). Plaintiff served his opposition (Doc. 21, "Pl. Br."; Doc. 22, "Bellantoni Decl."), and the motion to dismiss was fully submitted with the filing of Defendant's reply (Doc. 20, "Reply"). Defendant filed a notice of supplemental authority on May 26, 2024. (Doc. 23).[2]

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff is a resident of Westchester County, New York. (Am. Compl. ¶ 13). At the time this action was commenced, Justice Schwartz was a Justice of the Supreme Court of the State of New York and Judge Cacace was a County Court Judge of Westchester County.[3] Both Judge Cacace and Justice Schwartz served as pistol licensing officers for Westchester County. (*Id*. ¶¶ 14-16, 75, n.22).

Plaintiff submitted an application to the Westchester County Clerk's Office in 2021 to obtain a handgun license. (*Id*. ¶ 74). The application was assigned to Judge Cacace for a

---

[2] Defendant's notice of supplemental authority (Doc. 23) brought the recent Second Amendment decision, *United States v. Rahimi*, to the court's attention. 602 U.S. 680 (2024). Defendant notes, however, that the instant motion is based on subject matter jurisdiction and therefore does not implicate the Second Amendment standard clarified in *Rahimi*.

[3] The New York State Unified Court system's website, publicly available at www.nycourts.gov, states that Justice Schwartz is currently a Justice of the Supreme Court of the State of New York (Doc. 18-2), and that Judge Cacace was a County Court Judge of Westchester County from 2015 to 2025. The Court, accordingly, takes judicial notice of Judge Cacace and Justice Schwartz's respective positions as state court judges. *See Porter v. City of New York New York*, No. 03-CV-06463, 2004 WL 7332338, at *4 (E.D.N.Y. Mar. 15, 2004) (taking judicial notice of the fact that defendant is a New York City Family Court Judge).

determination. (*Id.* ¶¶ 75, n.22). Plaintiff alleges that his pistol license file indicated that he had no criminal convictions, no mental health prohibitors, and no disqualifiers to the possession of firearms under state or federal law. (*Id.* ¶ 76). His application also included character references from four individuals. (*Id.* ¶ 78).

On February 18, 2022, Judge Cacace notified Plaintiff that she was considering denying his license application and requested additional information about past allegations made against him and his character references' knowledge of those allegations. (*Id.*). Plaintiff allegedly provided Judge Cacace with a written explanation of a verbal argument in 2016 between him and his wife, during which the police were called. (*Id.* ¶ 79). On February 22, 2023, Judge Cacace issued a written denial of Plaintiff's firearm license application (the "Decision"), concluding, *inter alia*, that Plaintiff "does not possess[] the necessary ***character, temperament, judgment and maturity that is required*** for the proper issuance of a New York State Pistol/Revolver License. . . ." (*Id.* ¶¶ 80, 84 (emphasis in the original)). Plaintiff alleges that he "intends to reapply" for a firearm license but asserts that his reapplication "would be futile without the injunctive relief sought" in this action. (*Id.* ¶¶ 93, 97).

This litigation followed.

## STANDARD OF REVIEW

### I.  Rule 12(b)(1) Standard

Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action "when the district court lacks the statutory or constitutional power to adjudicate it." *Schwartz v. Hitrons Sols., Inc.*, 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019).[4] "The party invoking

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

federal jurisdiction bears the burden of establishing jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). When deciding a Rule 12(b)(1) motion, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Conyers*, 558 F.3d at 143. "Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019) (quoting *United States v. New York City Dep't of Hous., Pres. & Dev.*, No. 09-CV-06547, 2012 WL 4017338, at *3 (S.D.N.Y. Sept. 10, 2012)).

II.    Documents Considered

The Court, in deciding a Rule 12(b)(1) motion, "may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Indeed, on such a motion, the Court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue," along with "matters of which judicial notice may be taken." *Malloy v. Pompeo*, No. 18-CV-04756, 2020 WL 5603793, at *8 (S.D.N.Y. Sept. 18, 2020). Defendant submits the declaration of attorney Michael A. Berg in support of its motion to dismiss, which attaches the February 22, 2023 Decision & Order issued by Judge Cacace entitled, *In the Matter of the Pistol License Application of Antero Oliveira* (Berg Decl., Ex. A), as well as printouts of two publicly available web pages maintained by the New York State Unified Court System (*id.*, Ex. B). Plaintiff submits the declaration of attorney Amy L. Bellantoni in opposition to the motion, which attaches an example of a written denial of an application for a New York State pistol license (Bellantoni Decl., Ex. 1).

The Court can and does consider the web pages maintained by the New York State Unified Court System (Berg Decl., Ex. B) only to the extent that it takes judicial notice of Justice Schwartz's position as a Justice of the Supreme Court of the State of New York. The Court does not consider the Decision issued by Judge Cacace (*id.*, Ex. A) or the example of a written denial of a pistol license (Bellantoni Decl., Ex. 1) as they are not necessary to adjudicate the instant motion.

## ANALYSIS

Plaintiff asserts three Section 1983 claims against Justice Schwartz in his official capacity. (*See generally* Am. Compl.). The crux of the Amended Complaint is that "[t]he licensing officer's exercise of discretion and application of subjective criteria" to a firearm license application is unconstitutional. (*Id.* ¶ 88).

Plaintiff seeks only declaratory and injunctive relief. Specifically, Plaintiff seeks a declaratory judgment that: (i) "New York's requirement that the lawful possession, purchase, and/or carriage of firearms for self-defense requires that individuals seek and obtain permission from the government violates the Second and Fourteenth Amendments"; (ii) "New York State's discretionary licensing scheme, Penal Law § 400.00, *et seq.*, violates the Second and Fourteenth Amendments and striking it in its entirety"; (iii) "Penal Law 400.00(1)(b) violates the Second and Fourteenth Amendments facially and as applied to Plaintiff"; (iv) "the disclosure requirements under New York Executive Law 296(16) for firearms license applicants violate the Second and Fourteenth Amendments"; and (v) "Plaintiff's Second and Fourteenth Amendment rights were violated" by the Decision. (*Id.*, Wherefore Clause). Plaintiff also seeks injunctive relief, including, *inter alia*, an injunction ordering Justice Schwartz to issue Plaintiff the license applied for or,

alternatively, accept a new application and render a determination that is "consistent with this Court's determination of Plaintiff's claims for equitable relief." (*Id.*; *see also* Pl. Br. at 24).[5]

Defendant argues that the Amended Complaint should be dismissed because Plaintiff lacks Article III standing to sue Justice Schwartz and because Plaintiff's claims are barred by Eleventh Amendment immunity, absolute judicial immunity, the plain text of Section 1983, and the *Rooker-Feldman* doctrine. (Def. Br. at 10-11).

## I.    Eleventh Amendment Immunity

The Eleventh Amendment directs that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This language bars suits, even those arising under federal law, against a state, or against a state employee acting in his or her official capacity, by one of its own citizens. *Woods v. Rondout Valley Centr. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.").

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

---

[5] Plaintiff also seeks injunctive relief in the form of an order: (i) permanently enjoining the disclosure requirements under New York Executive Law § 296(16) for firearms license applicants; (ii) permanently enjoining the consideration of information obtained from the disclosure requirements by Defendant and all other New York State pistol licensing officers; and (iii) permanently enjoining Defendant and all other New York State pistol licensing officers' "exercise of discretion to deny [Plaintiff's] application in the absence of a statutory prohibitor under federal or state law" and "consideration of dismissed charges and non-criminal convictions to prevent [Plaintiff] from exercising the right to possess and carry handguns for self-defense." (Am Compl., Wherefore Clause).

Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Nelkenbaum v. Jordy*, No. 19-CV-07953, 2020 WL 7630354, at *2 (S.D.N.Y. Dec. 22, 2020) (quoting *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration in original)). To that point, it is well-settled that "New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity." *Phillips v. New York*, No. 13-CV-00927, 2013 WL 5703629, at *3 (N.D.N.Y. Oct. 17, 2013) (citing *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013)); *see also Keitt v. New York City*, 882 F. Supp. 2d 412, 424 (S.D.N.Y. 2011) ("Magistrate Judge Freeman properly concluded that Keitt's Section 1983, 1985, and 1986 claims against the State of New York and its agencies are barred by the [Eleventh] Amendment.").

Plaintiff names Justice Schwartz (as successor to Judge Cacace) as the defendant in this action. The Supreme Court of the State of New York and the County Court of the State of New York, as parts of the New York State Unified Court System, are each an "arm of the State" and thus "protected from suit by Eleventh Amendment sovereign immunity." *Blanchard v. Doe*, No. 17-CV-06893, 2019 WL 2211079, at *4 (E.D.N.Y. May 22, 2019); *see also Gollomp*, 568 F.3d at 368 ("[T]he New York State Unified Court System is unquestionably an 'arm of the State'"); *Kampfer v. Cnty. of Fulton*, 107 F.3d 3 (2d Cir. 1997) ("The County Court of the State of New York is an integral part of the State's Unified Court System . . . and as such is an arm of the State of New York."). Justice Schwartz and Judge Cacace are, accordingly, "shielded from suit for any actions committed in [their] official capacity." *Blanchard*, 2019 WL 2211079, at *4 (citing *Zahl v. Kosovsky*, No. 08-CV-08308, 2011 WL 779784, at *7 (S.D.N.Y. Mar. 3, 2011) (citing cases)).

Plaintiff nevertheless argues that his official capacity claims for injunctive relief are properly brought under *Ex parte Young*, 209 U.S. 123 (1908). (Pl. Br. at 11, 20-25). *Ex parte Young* is an exception to Eleventh Amendment immunity that permits a plaintiff to sue a state official

acting in his official capacity for prospective, injunctive relief from violations of federal law. *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007). However, the *Ex parte Young* exception is unavailable where, as here, the action is brought "against individual state-court officials such as judges and clerks." *M.M. v. New York State Ct. of Appeals*, No. 21-2924, 2022 WL 1565694, at *2 (2d Cir. May 18, 2022) (citing *Whole Woman's Health v. Jackson*, 595 U.S. 30, 37-44 (2021)); *see also Capogrosso v. Gelbstein*, No. 22-2827, 2023 WL 7485363, at *2 (2d Cir. Nov. 13, 2023); *Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22-CV-04676, 2023 WL 7399840, at *7 (S.D.N.Y. Nov. 8, 2023), *adopted by*, 2024 WL 1235601 (S.D.N.Y. Mar. 22, 2024).

Plaintiff argues that Judge Cacace's determination on his firearm license application was made in her capacity as a statutory pistol licensing officer and thus does not constitute a "judicial function." (Pl. Br. at 21-22). But it is well established in this Circuit that New York State judges' "rulings on firearm license applications [are] judicial decisions." *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 125 (2d Cir. 2020), *abrogated on other grounds*, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); *see also Kellogg v. Nichols*, 703 F. Supp. 3d 367, 372-73 (N.D.N.Y. 2023) ("Judge Nichols was acting in his judicial capacity when ruling on plaintiffs' applications for firearm licenses."); *Paulk v. Kearns*, 596 F. Supp. 3d 491, 497 (W.D.N.Y. 2022) ("Justice Boller's ruling on the firearms license application therefore was a judicial decision."). Accordingly, the Court concludes that Judge Cacace was acting in her judicial capacity when denying Plaintiff's firearm license application and, therefore, the *Ex parte Young* exception is unavailable.

Plaintiff also appears to argue that even where licensing officers are acting in a judicial capacity when deciding a firearm license application, the *Ex parte Young* exception applies to

claims for "purely prospective declaratory relief." (Pl. Br. at 11 (citing *Kelsey v. Clark*, No. 22-22, 2023 WL 1980307, at *1 (2d Cir. Feb. 14, 2023)); Reply at 10-11). But Plaintiff's requested declaratory relief—a declaration that the Decision, New York State's firearm licensing scheme, and the related disclosure requirements violate the Constitution—are retrospective in nature. Plaintiff does not allege that he has any firearm applications pending before Judge Schwartz to which this licensing scheme will be applied in the future. Accordingly, Plaintiff's claims for declaratory relief are not properly characterized as "prospective" and do not warrant application of the *Ex parte Young* exception. *See Brokamp v. James*, 573 F. Supp. 3d 696, 708 (N.D.N.Y. 2021) ("[Declaratory] relief will not satisfy the second prong of the *Ex parte Young* analysis when it would serve to declare only past actions in violation of federal law."), *aff'd*, 66 F.4th 374 (2d Cir. 2023).

Accordingly, Plaintiff's Section 1983 claims asserted against Justice Schwartz (as successor to Judge Cacace) in his official capacity are barred by the Eleventh Amendment and are dismissed for lack of subject matter jurisdiction.

II.    Section 1983

Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The Court has already concluded that Judge Cacace acted in her judicial capacity when she denied Plaintiff's firearm license application. Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. To the contrary, the Amended Complaint recognizes that the procedure for reviewing a determination of a County Court Judge acting as a firearms licensing officer is by commencement of an Article 78 proceeding. (Am. Compl. ¶ 61).

Declaratory relief, therefore, was available to Plaintiff under Article 78. Plaintiff chose not to avail himself of the proper remedy, an Article 78 proceeding, and cannot now seek injunctive relief against Justice Schwartz (as successor to Judge Cacace). *See Capogrosso*, 2023 WL 7485363, at *2 (concluding that claim for injunctive relief fails as a matter of law because "there is no question that [plaintiff] could have sought declaratory relief through Article 78 proceedings in the New York Supreme Court but instead chose to forego such relief"); *Johnson-El v. DeProspo*, No. 20-CV-02878, 2020 WL 5350487, at *5, n.3 (S.D.N.Y. Sept. 3, 2020).

Accordingly, "Plaintiff's remedy, if any, was to pursue his appeal rights within the state court system, and he cannot obtain injunctive relief from this Court under Section 1983." *DeRouseau v. Westchester Cnty. Fam. Ct.*, No. 24-CV-05976, 2024 WL 4635310, at *3 (S.D.N.Y. Oct. 28, 2024). The language of Section 1983 thus provides an alternate basis for dismissal of Plaintiff's claims for injunctive relief.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and dismisses the Complaint with prejudice.[6] The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 17 and close the case.

---

[6] In light of the fact that Defendant is sued only in his official capacity and given the conclusions herein, the Court need not and does not reach the balance of Defendant's arguments made in his motion to dismiss (*e.g.*, Article III standing, judicial immunity, and the *Rooker-Feldman* doctrine). *See Sestak v. Parisi-McGowan*, No. 23-CV-07264, 2023 U.S. Dist. LEXIS 185235, *16 (S.D.N.Y. Oct. 16, 2023) ("The Court dismisses Petitioner's claims under Section 1983 for injunctive relief against Justice Parisi-McGowan, in her individual capacity, under the doctrine of judicial immunity . . . . The Court dismisses Petitioner's claims under Section 1983 for retrospective injunctive and declaratory relief against Justice Parisi-McGowan, in her official capacity, under the doctrine of Eleventh Amendment immunity . . . ."); *Chan v. Campanelli*, No. 24-CV-08110, 2024 WL 5120014, at *1 (E.D.N.Y. Dec. 16, 2024) ("Plaintiff's claim for a declaratory judgment appears to be barred by sovereign immunity (for any official capacity claims) and judicial immunity (for any personal capacity claims)."); *Bramble v. Hynes*, No. 23-CV-05141, 2024 WL 4309231, at *4 (E.D.N.Y. Sept. 26, 2024).

**SO ORDERED.**

Dated:   White Plains, New York
         January 30, 2025

_____
PHILIP M. HALPERN
United States District Judge